UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM HOWELL, <br><br> Plaintiff, <br><br> v. <br><br> C. CRYER, L. MERRITT, <br><br> Defendants. | No. 1:19-cv-556-DAG HBK (PC) <br><br> ORDER GRANTING DEFENDANTS' MOTION TO STRIKE DECLARATION <br><br> (Doc. No. 37) <br><br> ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SURREPLY <br><br> (Doc. No. 39) |

This matter comes before the Court upon initial review of the case, which was recently reassigned to the undersigned. *See* Doc. No. 40. Pending before the Court are Defendants' two motions to strike, filed on May 19, 2020 (Doc. No. 37) and June 17, 2020 (Doc. No. 39), respectively. Plaintiff has not filed an opposition to either motion. *See* Local Rule 230(l).

Defendants' Motion to Strike Declaration (Doc. No. 37)

Defendants request the Court to strike Plaintiff's belated declaration filed on May 4, 2020 (Doc. No. 33) that he submitted in support of his Motion for Summary Judgment, which he earlier filed on February 24, 2020 (Doc. No. 26). *See* Doc. 37. Defendants point out the declaration, filed more than two months after Plaintiff's Motion for Summary judgment, was required to be filed at

1

the same time with Plaintiff's other supporting materials. *Id*. at 1. Defendants further assert they are disadvantaged because they were not able to respond to the declaration when they filed their response in opposition. *Id*. at 3. In the alternative, Defendants request an opportunity to file a supplemental opposition. Plaintiff has not filed a response in opposition, and the time to do so has expired. Plaintiff provides no explanation why he failed to file his declaration at the time he filed his Motion for Summary Judgment. The Court finds the belated filing of the declaration unfairly prejudices Defendants and Plaintiff's failure to file an opposition is deemed a waiver of opposition. Local Rule 230 (l). Consequently, the Court will strike the belated declaration.

<u>Defendant's Motion to Strike Surreply</u> (Doc. No. 39)

Next, Defendants move to strike Plaintiff's surreply titled "Plaintiff's Response to Defendants (Reply) in Support of Their Motion for Summary Judgment" filed on June 2, 2020 (Doc. No. 38). *See* Doc. No. 39 at 1-4. Defendants explain they filed an exhaustion-based motion for summary judgment on April 20, 2020 (Doc. No. 34). *See* Doc. 39 at 2. Plaintiff filed an opposition on May 5, 2020 (Doc. No. 35). *Id.* Thereafter, Defendants filed a reply on May 12, 2020 (Doc. No. 38). *Id.* Plaintiff's pleading titled "Response to Reply to Opposition to Defendants' motion for summary judgment" (Doc. No. 38), is properly construed to be a surreply and is an impermissible pleading. *Id.* at 2-3. Consequently, Defendants seek to strike it. *Id.* at 1-4.

As Defendants note, neither the Federal Rules of Civil Procedure, nor the Local Rules for the Eastern District of California permit the filing of a surreply as a matter of right. *See Garcia v. Biter*, 195 F.Supp.3d at 1131 (E.D. Ca. July 18, 2016) (noting the plaintiff did not have a right to file a surreply under the local rules or under the Federal Rules of Civil Procedure). Nonetheless, district courts have discretion to permit, or preclude, a surreply. *Id.* at 1133 (other citations omitted). While courts are required to provide *pro se* litigants leniency, the Court generally views

motions for leave to file a surreply with disfavor and will not consider granting a motion seeking leave to file a surreply absent good cause shown. *Id.* (other citations omitted).

Here, Defendant's motion for summary judgment was deemed submitted and ripe for review on or about May 12, 2020 when Defendants filed their reply to Plaintiff's response. Plaintiff did not seek leave to file a surreply. Plaintiff has not filed an opposition to Defendant's motion to strike and has not shown good cause to file a surreply. The Court will strike the improperly filed surreply.

Accordingly, it is now **ORDERED**:

1. Defendants' Motion to Strike Plaintiff's Declaration (Doc. No. 37) is GRANTED and the Clerk of Court shall strike Plaintiff's declaration (Doc. No. 33).

2. Defendants' Motion to Strike Plaintiff's Surreply Declaration (Doc. No. 39) is GRANTED and the Clerk of Court shall **strike** Plaintiff's surreply, improperly titled a response (Doc. No. 38).

IT IS SO ORDERED.

Dated:   January 22, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE